**49 P.(2d) 1133**

**PACKARD WESTCHESTER CO., Inc., v. ZOLKO CO., Inc.**

No. 4134.

Supreme Court of New Mexico.

Oct. 1, 1935.

Edwin S. Gardner, of Alamogordo, for appellant.

J. L. Lawson, of Alamogordo, for appellee.

SADLER, Chief Justice.

This appeal is before us on a motion to docket and affirm. Only a skeleton transcript having been filed, we do not have before us the complaint in the cause, nor the petition in intervention. Enough appears from the papers properly before us, however, to indicate that the action is one involving ownership of a certain automobile.

On January 16, 1935, the district judge of Otero county signed an order of default against the plaintiff for failure to answer within the time limited intervener's petition of intervention. This order was not filed with the clerk until January 22, almost a week later. The order reads as follows:

"This cause coming on to be heard on this the 16th day of January, 1935, upon the motion filed by the intervener herein, the plaintiff and the intervener appearing by their attorneys of record and the court after considering the said motion and the argument of counsel finds:

"That on the 21st day of July, 1934, the intervener filed its petition of intervention in this cause setting up ownership of the automobile in controversy. That on the said date a copy of the said petition of intervention was served upon the attorney for plaintiff. That the plaintiff has failed to answer or otherwise plead to the said petition of intervention although the time for so doing having long expired. That the said motion is well taken and should be sustained.

"Wherefore, it is considered and ordered that judgment by default be and hereby is rendered against the above-named plaintiff, and that upon making proof to sustain the allegations of the said petition of intervention that the said intervener be granted the full relief prayed for. To which the plaintiff by its attorney excepts and prays and appeals to the Supreme Court of the State of New Mexico. That the said appeal is hereby granted in open court and a supersedeas bond is hereby fixed in the sum of $500."

On the same day the order was filed with the clerk, the defendant appeared in the cause and filed a disclaimer of any interest in the automobile in question. Subsequently, and on February 5, 1935, the plaintiff filed a motion to set aside the default theretofore entered against the plaintiff in favor of intervener. On February 11 the court, after hearing upon the motion, set aside the default theretofore

entered against the plaintiff. The intervener appeared objecting to the setting aside of such default upon the ground that the trial court, by granting an appeal from such default order, had lost jurisdiction to entertain a motion to vacate the same.

We come then to the decisive question upon intervener's application to docket and affirm: Was the order of default entered against the plaintiff in intervener's favor an appealable order?

That it was interlocutory cannot admit of doubt. The very form of the order suggests its interlocutory character. The order reads: "Wherefore, it is considered and ordered that judgment by default be and hereby is rendered against the above-named plaintiff, *and that upon making proof to sustain the allegations of the said petition of intervention that the said intervener be granted the full relief prayed for.*"

The italicized portion of the order clearly manifests that final judgment was to be rendered if and when the proof mentioned was furnished by intervener and found sufficient by the court.

However, recognizing the interlocutory character of the order does not settle the question, since under our practice certain interlocutory orders are appealable. Section 2 of rule II, Rules of Appellate Procedure (Laws 1917, c. 43, § 2) reads as follows: "Appeals shall also be allowed to [by] the District Court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein, would be only to carry into effect such interlocutory judgment, order or decision."

We consider the order of default here involved, designated in its body as "judgment by default," not such an interlocutory order "as practically disposes of the merits of the action." Unquestionably the plaintiff, by attempting to appeal therefrom, committed itself to the theory that it is the kind of order intervener here asserts it to be. But the plaintiff's then view is not determinative. Jurisdiction in this court may not rest on an erroneous view of this question by one of the parties, for unless the order actually be appealable, the district court still has jurisdiction of the cause and we have acquired none.

The effect of the order here attempted to be appealed from is nothing more than an order pro confesso against the plaintiff as to the allegations contained in intervener's petition of intervention. That the district court was not satisfied to enter final judgment in intervener's favor against the plaintiff upon the mere confession by plaintiff of such allegations is disclosed by the very terms of the order. The court called upon intervener to produce "proof to sustain the allegations of the said petition of intervention."

The matter thus remained an item upon which the judgment of the trial court was in suspense. If the proof furnished by intervener were deemed insufficient, the petition of intervention, in so far as it asserted relief against the plaintiff, would be dismissed. If dismissed as to plaintiff, it would have no ground for complaint, even though by reason of the default theretofore entered, it was denied the right to aid the court in arriving at such a result. The final judgment conceivably might have been quite harmless to plaintiff. We hold the order here appealed from is not one practically disposing of the case on the merits.

Accordingly, the motion to docket and affirm will be denied. It is so ordered.

HUDSPETH, BICKLEY, ZINN, and BRICE, JJ., concur.